IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL 16, LOCAL UNION 294,<br><br>              Plaintiff,<br><br>       vs.<br><br>COLOR NEW CO., LOUIE ANDREW LOIZU d/b/a/ COLOR NEW CO. ,<br><br>              Defendants.<br>_____ / | CASE NO. 12-cv-0570 LJO-BAM<br><br>**ORDER ON PLAINTIFF'S MOTION TO COMPEL ARBITRATION**<br><br>(Doc.  8)<br><br>**STATUS CONFERENCE:**<br>Date:     February 5, 2013<br>Time:    9:00 a.m.<br>Dept:    8(BAM) |

**INTRODUCTION**

Plaintiff, Painters District Council 16, Local Union 294 ("Local 294") moves to compel arbitration of all claims made in this action against Defendants Color New Co., and Louie Andrew Loizu d/b/a Color New Co. (collectively "Color New"). (Doc. 8). The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for July 20, 2012. (Doc. 14).  Having considered the moving, opposition and reply papers, as well as the Court's file, the Court GRANTS Plaintiff's Motion to Compel Arbitration.[1]

---

[1] Numerous district courts have held that motions to stay litigation and compel related arbitration are non-dispositive motions under Rule 72(a). *See, e.g., PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10 (1st Cir. 2010); *Vernon v. Qwest Commc'ns Int'l, Inc.,* No. 09-cv-01840, 2012 U.S. Dist. LEXIS 31076, 2012 WL 768125, at *2-3 (D. Colo. Mar. 8, 2012)*; Gonzalez v. GE Group Adm'rs, Inc.*, 321 F.Supp.2d 65, 166 (D. Mass. 2004);

1

# BACKGROUND

Local 294 is a local labor organization of the International Union of Painters and Allied Trades with offices located in Fresno, California. Local 294 is a party to a collective bargaining agreement ("CBA") between the Northern California Painting and Finishing Contractors Association and the International Union of Painters and Allied Trades District 16, as supplemented by the Fresno Area Addendum.[2] ("D.C. 16 Agreement"). Rosenfeld Decl., Ex. A (Doc. 8-2). Defendant Color New is commercial painting company employing union workers and located in Southern California. According to Local 294, Color New is a signatory to the Master Labor Agreement between Finishing Contractors Association of Southern California and the International Union of Painters and Allied Trades, District Council 36 ("D.C. 36 Agreement").[3] Color New is not a signatory to the D.C. 16 Agreement.

The heart of Local 294's dispute is as follows. In the summer of 2011, Color New, whose business is headquartered outside of District Council 16, performed work for the Coalinga Unified School District in Fresno County, which falls within the territorial jurisdiction of District Council 16. Local 294 alleges that during that summer, Color New violated Article 5 of the D.C. 16 Agreement. Article 5 states that employers coming from outside of the territorial jurisdiction of D.C. 16 to perform work within that area, must staff their jobs with a minimum percentage of workers from the local hiring hall. Section 5 also requires that any workers from outside the area who the employer will use to perform regular work on a local job must first obtain a referral slip from the Local Union. Rosenfeld Decl., Ex. A (Doc. 8-2).

---

*Torrance v. Aames Funding Corp.*, 242 F.Supp.2d 862, 865 (D. Or. 2002); *All Saint's Brands, Inc. v. Brewery Group Den., A/S*, 57 F.Supp.2d 825, 833 (D. Minn.1999); *Herko v. Metro. Life Ins. Co.*, 978 F.Supp. 141, 142 n. 1(W.D.N.Y. 1997). Accordingly, the Court finds that the Motion to Compel Arbitration is not dispositive and findings and recommendations are not necessary to resolve the motion.

[2] The Fresno area Addendum supplements the D.C. 16 Agreement by adding provisions relating to work in Fresno county.

[3] In its response brief, Color New disputes that it is a signatory to the D.C. 36 Agreement. However, Color New and Andrew Loizu are listed as members of the Finishing Contractor's Association on the Association's website. *See* http://www.finishingcontractors.org/about. According to the website, all FCA members are signatories to collective bargaining agreements with the International Union of Painters and Allied Trades. Color New has not presented a sworn declaration challenging its status as a signatory to the D.C. 36 Agreement. Any disagreement as to whether Color New is a signatory to the D.C. 36 Agreement is a question for the arbitrator.

On July 23, 2011, Local 294 filed a grievance against Color New for violations of Article 5 of D.C. 16 Agreement. Color New argued that it was not bound by the D.C. 16 Agreement and refused to participate in the grievance process. After Color New's refusal, Local 294 demanded that Color New proceed to arbitration. Color New again refused, maintaining that it did not sign the D.C. 16 Agreement or the Fresno Addendum, and thus, it is not bound by the arbitration provisions of the D.C. 16 Agreement.

Local 294 concedes that Color New is not a signatory to the D.C. 16 Agreement. Instead, Local 294 contends that Color New is bound to the D.C. 16 Agreement by an "out-of-area" clause contained in the D.C. 36 Agreement to which Color New is a party. (Pl.'s Reply at 2). Article 3, Section 6 "Out of Area Work" of the D.C. 36 agreement provides:

> when engaged in work outside the geographic jurisdiction of the Union party to the agreement, comply with all the lawful clauses of the Collective Bargaining Agreement in effect in said other geographic jurisdiction and executed by the employers of the industry and the affiliated Local Unions in the jurisdiction, including but not limited to, the wages, hours, working conditions, fringe benefits and procedure for settlement of grievances set forth therein.

Rosenfeld Decl., Ex. C (Doc. 8-2).

According to Local 294, the out-of area clause in the D.C. 36 Agreement requires Color New to adhere to any local collective bargaining agreement when performing work outside of the region covered by District Council 36. The local collective bargaining agreement —the D.C. 16 Agreement—requires parties to follow a grievance procedure leading to binding arbitration in the event of a dispute, and thus Color New must proceed to arbitration.

**LEGAL STANDARD**

There is a strong presumption in favor of arbitration of labor disputes. *Constr. & Gen. Laborers' Local 185 v. Seven-Up Bottling Co.,* 2010 U.S. Dist. LEXIS 136195, *6 (E.D. Cal. Dec. 9, 2010) *(citing United Steelworkers of America v. Warrior & Gulf Navigation Co.* 363 U.S. 574, 577 (1960)). In ruling on a motion to compel arbitration, a court must analyze two issues: (1) whether the parties have entered into a written agreement to arbitrate, and (2) whether the dispute in question falls within the scope of that agreement.[4] *Nationwide Mut. Ins. Co. v. Cosenza*, 258 F.3d 197, 202 (3d Cir. 2001). When confronting

---

[4] While the parties dispute whether a valid agreement to arbitrate exists, the parties do not dispute that the claims at issue here fall within the scope of that arbitration agreement.

questions of arbitrability, a court should "independently review the agreement" and "should not give deference to the arbitrator's decision . . . , but should exercise plenary review to determine whether the matter is arbitrable." *McKinstry Co. v. Sheet Metal Workers' Int'l Ass'n, Local Union No. 16*, 859 F.2d 1382, 1385 (9th Cir. 1988) (citing *AT & T, Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986)). "However, where one of the parties seeking arbitration is not a signatory to the underlying agreement, a further step is added to the inquiry. Before the presumption of arbitrability can apply, the non-signatory party must show that the signatories intended it to derive benefits from the agreement." *Id.* at 1384. "Where such intent can be shown, and where the arbitration clause is susceptible to the interpretation that the non-signatory has the right to enforce these benefits, then arbitration is proper." *Id.* at 1384-85.

## ARBITRATION OF NON-SIGNATORY

The central issue in the instant dispute is whether Local 294 has standing to compel a non-signatory to arbitration. Local 294 argues that Color New must participate in arbitration because it is bound to the grievance and arbitration provisions of the D.C. 16 Agreement through the "out-of-area" clause found in the D.C. 36 Agreement. Color New disagrees, arguing that the grievance procedures in the D.C. 16 Agreement are only enforceable against direct signatories.

In the Ninth Circuit, non-signatories may be bound by an "out-of-area-clause" in a collective bargaining agreement. The Ninth Circuit has acknowledged that "out of area clauses" that bind non-signatory union contractors to local CBA's and their accompanying arbitration agreements are common and generally enforceable. *See Dist. Council No. 16 of the Int'l Union of Painters v. B & B Glass, Inc.*, 498 F.3d 926 (9th Cir. 2007); *see also International Union of Bricklayers and Allied Craftworkers, Local 5 v. Banta Tile & Marble Co., Inc.*, 344 Fed. Appx. 770, 774 (3d Cir. 2009) (citing *McKinstry Co. v. Sheet Metal Workers' Int'l Ass'n, Local Union No. 16*, 859 F.2d 1382, 1385 (9th Cir. 1988)) ("Out of-area clauses," which are included in CBAs to confer rights to unions that are not parties to the agreement containing the clause, are common in the construction industry.) However, where one of the parties seeking arbitration is not a signatory to the underlying agreement, that party may only invoke the arbitration process if it is shown that the signed agreement was intended to confer benefits to other nonsignatory unions. *McKinstry*, 859 F.2d at 1389. Where such intent can be shown, and where the arbitration clause is susceptible to the interpretation that the nonsignatory has the right to enforce these

1 benefits, then arbitration is proper. *Id.* at 1385.

2        In *McKinstry*, McKinstry—a construction company union employer—was a signatory to a
3 collective bargaining agreement with a local sheet metal workers' union, Local 99. That collective
4 bargaining agreement contained a traveling contractors provision, a clause similar to the out of area clause
5 at issue here. The traveling contractors provision required that when McKinstry performed work outside
6 of the territorial jurisdiction of Local 99, McKinstry would be governed by the working conditions of the
7 local agreement governing that jurisdiction. McKinstry became the successful bidder on a job within the
8 jurisdiction of Local 16, an area with which McKinstry did not have a CBA. After McKinstry began
9 performing work in Local 16's jurisdiction, Local 16 brought a grievance claiming that McKinstry had
10 violated the CBA it had signed with Local 99. The grievance was arbitrated, McKinstry was found to
11 have violated its agreement with Local 99, and damages were awarded to Local 16. McKinstry brought
12 an action to vacate the arbitration award. The issue on appeal was whether the agreement between Local
13 99 and McKinstry conferred enforceable benefits on Local 16, including the right to the arbitration of
14 grievances.

15        The Ninth Circuit explained that when arbitration is sought by a nonsignatory to an agreement,
16 that party must show that the signatories intended it to derive benefits from the agreement and that the
17 nonsignatory party has the right to enforce those benefits. 859 F.2d at 1384-85. The Court concluded
18 that the nature of the agreement between McKinstry and Local 99 intended for nonsignatory local unions
19 to derive benefits from the agreement and, therefore, that Local 16 was entitled to arbitrate grievances
20 against McKinstry. In sum, the Ninth Circuit held that "traveling contractors clauses," similar to the "out
21 of-area clause" at issue in this case, generally confer "certain direct and indirect benefits to workers other
22 than those represented by [the local union]." Accordingly, the Ninth Circuit concluded that the
23 nonsignatory union "was accorded rights under th[e] [signed] Agreement, and was accorded the ability
24 to enforce these rights." *Id.* at 1388.

25        In a case factually similar to the instant case, the Third Circuit analyzed the applicability of

26
27
28

traveling contractors clauses[5] to arbitration procedures brought by a Plaintiff that did not have a CBA with the defendant in *Int'l Union of Bricklayers & Allied Craftworkers, Local 5 v. Banta Tile & Marble Co.*, 344 Fed. Appx. 770 (3d Cir. 2009).  Though not binding, *Banta Tile* is similar to the facts of this case, and it supports this Court's decision that Color New must proceed to arbitration.

In *Banta Tile*, defendant Banta Tile—a tile installation union employer—terminated its CBA with plaintiff Local 5, a local union representing tile workers within its jurisdiction. *Id.* at 771.  Banta Tile remained a signatory to a CBA with another local union, Local 1.  That CBA contained a traveling contractors clause which required signatory employers to comply with the terms of any other local union agreement when union members worked outside the local union's geographic jurisdiction. *Id.* at 771.  Local 5 discovered that Banta Tile employees were working in its jurisdiction. *Id.*  Local 5 filed a grievance, alleging that Banta Tile had violated the traveling contractors clause found in the Local 1 CBA.  An arbitration concluded in Local 5's favor. *See Id.*  Banta Tile attempted to avoid enforcement of the arbitration award claiming it was not a signatory to the current Local 5 agreement. *See Id.* at 772.

The appellate court affirmed the arbitration as enforceable. *See Id.*  Relying upon *McKinstry*, the *Banta Tile* court found that because the traveling contractors clause in the Local 1 Agreement required employers, like Banta Tile, to abide by the full terms of the agreement in effect on the job site area, the Local 1 agreement clearly intended to convey benefits on the outside union, Local 5.  Under *McKinstry*, Local 5 was thus entitled to seek arbitration to enforce these benefits.

As in *Banta Tile* and *McKinstry*, the "out of area clause" at issue, here, was meant to confer benefits upon sister unions, such as Local 294.  The out of area clause in the D.C. 36 Agreement requires

---

[5] The traveling contractors clause in *Banta Tile* is analogous to the "out of area" clause at issue here. The "traveling contractors" language in *Banta Tile* provides:

> When the employer has any work of the type covered by this Agreement to be performed outside of the area covered by the Agreement and within the area covered by a standard Collective Bargaining Agreement of another affiliate of the International Union of Bricklayers and Allied Craftworkers, the Employer agrees to abide by the full terms and conditions of the standard Agreement in effect on the job site area with respect to all employees, wherever hired, who perform such work. *Int'l Union of Bricklayers, Local 5 v. Banta Tile & Marble Co.*, 2008 U.S. Dist. LEXIS 99434, at *6 (M.D. Pa. Sept. 8, 2008).

employers like Color New "to comply with all the lawful clauses of the collective bargaining agreement in effect in said other geographic jurisdiction." Rosenfeld Decl., Ex. C at 12, Doc. 8-2 at 70. When Color New commenced work within Local 294's jurisdiction, it became obligated "to comply" with Local 294's full terms and conditions as detailed in the D.C. 16 Agreement. Color New's agreement with D.C. 36 thereby conferred benefits on Local 294. One of those benefits is arbitration of disputes. *See also Int'l Union of Bricklayers & Allied Craftworkers, Local 5 v. Inter-State Tile & Mantel Co.*, 2008 U.S. Dist. LEXIS 68394, at *5 (M.D. Pa. Aug. 6, 2008) (collecting cases and establishing that travelers contractors clauses are generally intended to confer benefits to sister unions).

Reading the D.C. 36 Agreement together with the D.C. 16 Agreement, the Court finds that a valid agreement to arbitrate exists between Color New and Local 294. Color New was a signatory to the D.C. 36 Agreement when it completed work in Fresno. Color New's work was subject to the "out-of-area" provision in the D.C. 36 Agreement, which dictates that signatory employers, when performing work in the territory of other unions, comply with the terms, and conditions in effect in that area. Local 294's D.C. 16 Agreement requires that parties proceed to arbitration in the event of a dispute. Accordingly, Local 294 may seek arbitration with Color New to enforce the out of area clause.

Therefore, the Court enforces the plain language of the contract which requires Color New to follow Local 294's D.C. 16 Agreement because it was doing work in Local 294's area. By virtue of that agreement, Local 294 may compel Color New to attend arbitration as outlined in the D.C. 16 Agreement. *See Local Union No. 36, Sheet Metal Workers' Int'l Ass'n v. Atlas Air Conditioning Co.*, 926 F.2d 770, 772-73 (8th Cir. 1990).

## CONCLUSION

For the reasons stated above, the Court **HEREBY ORDERS**, that:

1. Plaintiff's Motion to Compel Arbitration is **GRANTED** (Doc. 8);
2. The claims alleged by Plaintiff Local 294 included in the Complaint should be submitted to arbitration pursuant to the arbitration clause included in the D.C. 16 Agreement;
3. Plaintiff shall file a notice of completion with the Court within thirty (30) days of the completion of arbitration;
4. The Court **STAYS** this action pending the outcome of the arbitration;

5. The **INITIAL SCHEDULING CONFERENCE** set for Wednesday, September 12, 2012 is **VACATED**;

6. The Court **SETS** a telephonic status conference for February 5, 2013, at 9:00am before United States Magistrate Judge Barbara A. McAuliffe for the parties to advise the Court on the progress of the arbitration proceedings. The parties shall file a joint status report indicating the outcome and/or status of the underlying action no later than seven days prior to the conference.

IT IS SO ORDERED.

Dated:   **August 3, 2012**                    /s/ **Barbara A. McAuliffe**
                                          UNITED STATES MAGISTRATE JUDGE